UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MICKIELIA RAMOS,

                Plaintiff,

    -against-

GOLDEN TOUCH TRANSPORTATION
OF NY INC. et al.,

                Defendants.

**REPORT AND
RECOMMENDATION**
21-CV-5676 (LDH) (TAM)

------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        On January 29, 2019, Mickielia Ramos ("Plaintiff") filed this lawsuit in New York State Supreme Court seeking damages for injuries she suffered while exiting an airport shuttle bus at John F. Kennedy International Airport on January 29, 2016. (State Court Summons and Complaint ("Compl."), ECF No. 1-1.) On October 12, 2021, Defendants removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) This Court then held an initial conference on November 15, 2021, and in light of the delay prior to removal and the lack of clarity regarding the amount in controversy, directed Defendants to show cause as to whether the Court has subject matter jurisdiction. (Nov. 15, 2021 ECF Minute Entry and Order.)

        Currently pending before the Court are Defendants' responses to the Court's order to show cause, which the Honorable LaShann DeArcy Hall referred to the undersigned Magistrate Judge for a report and recommendation. (ECF Nos. 7, 8; Jan. 20, 2022 ECF Order.) For the reasons set forth below, the Court respectfully recommends that this action be remanded *sua sponte* to New York Supreme Court, Queens County, for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Plaintiff's Complaint

Plaintiff, a South Carolina resident, initiated this action in New York State Supreme Court, Queens County, on January 29, 2019, against Defendants Golden Touch Transportation of NY Inc.; Gtti Enterprises, Inc., formerly known as Golden Touch Transportation Inc.; Transdev Services Inc.; and Transdev North America, Inc. (the "Golden Touch Defendants"); as well as ABM Aviation, Inc., formerly known as Air Serv Corporation, ABM Industries Incorporated; and Air Serv Security, Inc. (the "ABM Defendants") (referred to herein collectively as "Defendants"). (*See* Compl., ECF No. 1-1.) The gravamen of Plaintiff's complaint is that on January 29, 2016, the access ramp she was walking on while getting out of an airport shuttle bus collapsed due to Defendants' negligence, causing her to fall to the ground and become seriously injured. (*See id.* ¶¶ 45–47, 67–69, 89–91, 111–13, 133–35, 155–57, 177–79.)

Plaintiff's complaint does not specify the amount of damages she is seeking, but alleges "a serious injury and/or economic loss in excess of basic economic loss as defined by Section 5102 et seq. of the Insurance Law of the State of New York." (*See id.* ¶¶ 48, 70, 92, 114, 136, 158, 180.)[1] Further, Plaintiff claims that "[t]he amount of damages sought . . . exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction," and that she "has been and continues to be damaged in an amount to be determined upon the trial of this action." (*Id.* ¶¶ 52–53, 74–75, 96–97, 118–19, 140–41, 162–63, 184–85; *see also id.*, "Wherefore" Section.)

---

[1] Pursuant to N.Y. C.P.L.R. § 3017(c), complaints in personal injury actions "shall not state the amount of damages to which the pleader deems himself entitled." In addition, the Court notes that "basic economic loss" as defined by New York Insurance Law is "up to fifty thousand dollars per person." N.Y. Ins. L. § 5102.

2

**II.     State Court Procedural History**

After filing the complaint on January 29, 2019, Plaintiff filed proof of service on June 12, 2019. (Aff. of Service, ECF No. 7-2.) Defendants then filed a verified answer on June 26, 2019, through prior counsel Lewis Brisbois Bisgaard & Smith ("former counsel"). (Verified Answer, ECF No. 7-3.) In addition, on or about June 25, 2019, Defendants served Plaintiff with a demand for a verified bill of particulars[2] and combined demands for discovery. (*See generally* ECF No. 7-3, at 17–68.)[3] Plaintiff's counsel represents that he had a telephone conference with Defendants' former counsel on July 8, 2019, during which he informed her that Plaintiff "had suffered injuries involving her bilateral wrists and knees, and that the plaintiff had already undergone two (2) surgeries involving her left wrist and knee." (Pl.'s Resp., ECF No. 10, at 2–3.)[4]

On October 29, 2019, and April 2, 2020, respectively, Defendants' former counsel emailed Plaintiff's counsel to follow up on the discovery demands and the demand for a bill of particulars. (Oct. 29, 2019 Letter, ECF No. 7-4; Apr. 2, 2020 Letter, ECF No. 7-5.) On May 5, 2020, former counsel filed a motion to compel in state court pursuant to N.Y. C.P.L.R. § 3126, seeking an order directing Plaintiff to respond to Defendants' demands

---

[2] N.Y. C.P.L.R. § 3043(a) provides that "[i]n actions to recover for personal injuries," plaintiffs may be required to provide, *inter alia*, "[t]otal amounts claimed as special damages for physicians' services and medical supplies; loss of earnings, with name and address of the employer; hospital expenses; nurses' services." *Id.* § 3043(a), (a)(9). In this case, Defendants initially sought, among other things, "the specific dollar amount being sought in damages in this case," and a calculation of lost earnings and medical expenses, as well as a demand for "special damages particulars" pursuant to N.Y. C.P.L.R. § 4545. (*See* ECF No. 7-3, at 17–21, 59–61.)

[3] The page numbers cited herein refer to the ECF page numbers in the upper right corner of the document.

[4] Plaintiff's counsel states that it is his longstanding practice to document such telephone conversations. (*See* Pl.'s Resp., ECF No. 10, at 3.) However, Defendants point out that he did not provide a copy of such notes as part of Plaintiff's filing in response to the Court's order to show cause. (Golden Touch Defs.' Reply, ECF No. 11, at 2.)

3

and/or precluding Plaintiff from offering any evidence at trial. (*See generally* Defs.' State Court Motion, ECF No. 7-6.) As part of that motion, former counsel also stated that she had placed several calls to Plaintiff's counsel's office, to no avail. (*Id.* at 5, 7.) Defendants note that the motion was denied *sua sponte* on July 20, 2020. (Golden Touch Defs.' Resp., ECF No. 7, at 4.) The Court takes judicial notice that all of this occurred during the height of the COVID-19 pandemic.

On September 28, 2020, former counsel emailed Plaintiff's counsel to notify him that the court had scheduled a preliminary conference on January 7, 2021. (Sept. 28, 2020 Letter, ECF No. 7-7.) On January 11, 2021, the Honorable Mojgan C. Lancman entered a preliminary conference order, setting a discovery schedule and directing Plaintiff to produce a bill of particulars by February 18, 2021. (*See generally* Jan. 11, 2021 Order, ECF No. 7-8.) When Defendants did not receive Plaintiff's verified bill of particulars by the court-ordered deadline, Defendants' former counsel emailed Plaintiff's counsel on March 12, 2021, to follow up. (Mar. 12, 2021 Letter, ECF No. 7-9.)

Then, in May and June 2021, the Golden Touch Defendants and ABM Defendants filed separate notices of substitution of counsel, indicating that Molod Spitz & DeSantis, P.C. would now represent the Golden Touch Defendants, and FisherBroyles LLP would now represent the ABM Defendants. (*See generally* ECF No. 7-10; *see also* Golden Touch Defs.' Resp., ECF No. 7, at 5.) Counsel for the Golden Touch Defendants emailed Plaintiff's counsel on June 23, 2021, and July 27, 2021, following up on the bill of particulars, and after receiving no response, filed a pre-motion conference letter with Judge Lancman on August 25, 2021. (June 23, 2021 Email, ECF No. 7-11; July 27, 2021 Letter, ECF No. 7-12; Aug. 25, 2021 Letter, ECF No. 7-13.) The Golden Touch Defendants' counsel also emailed Plaintiff's counsel on August 27, 2021, asking him to

4

email any of Plaintiff's medical records that were in his possession. (Aug. 27, 2021 Email, ECF No. 7-14, at 5.)

On September 2, 2021, and September 20, 2021, counsel for the Golden Touch Defendants sent Plaintiff's counsel a letter and a proposed stipulation capping damages in this case at $75,000, to which Plaintiff's counsel did not reply. (September Emails, ECF Nos. 7-14, 7-15; Sept. 2, 2021 Letter, ECF No. 10-5; Golden Touch Defs.' Resp., ECF No. 7, at 5.) The September 2, 2021 letter indicated that the Golden Touch Defendants were "considering the removal of this action to Federal Court on a diversity basis" and planned to do so "immediately" if Plaintiff did not respond by September 20, 2021. (Sept. 2, 2021 Letter, ECF No. 10-5.)

On September 22, 2021, Judge Lancman *sua sponte* ordered the parties to comply with a new schedule that required, among other things, Plaintiff to serve a verified bill of particulars within thirty days. (Sept. 22, 2021 Order, ECF No. 7-16.) Plaintiff did not, however, serve the bill of particulars prior to Defendants' notice of removal, which was filed in advance of the thirtieth day contemplated by Judge Lancman's order. (Golden Touch Defs.' Resp., ECF No. 7, at 6.)[5]

### III. Federal Court Procedural History

On October 12, 2021, more than two years and eight months after Plaintiff filed her action in state court, the Golden Touch Defendants filed a notice of removal. (Notice of Removal, ECF No. 1.) Defendants stated that they filed the notice "pursuant to 28 U.S.C. § 1446(2) more than thirty days after service of a copy of the Summons and Verified Complaint because the pleadings do not specify the amount in controversy and

---

[5] On September 14, 2021, Defense counsel also served Plaintiff with a "notice to admit" regarding Plaintiff's prior bankruptcy petition, to which Plaintiff responded on October 4, 2021. (*See generally* ECF Nos. 7-17, 7-18.)

5

a good faith effort has been made to verify the alleged injuries," and that Plaintiff "did not respond to the request for damages as requested . . . ." (*Id.* ¶ 3.) The notice also alleges that this Court "has jurisdiction over this case pursuant to 28 U.S.C. § 1332 due to complete diversity among the parties' citizenship and because the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs." (*Id.* ¶ 7; *see also id.* ¶¶ 10–12.)

The undersigned Magistrate Judge held a telephonic initial conference on November 15, 2021, and ordered Defendants to show cause "as to whether the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446." (Nov. 15, 2021 ECF Minute Entry and Order.) The Golden Touch Defendants filed their response to the Court's order on December 2, 2021, which the ABM Defendants joined on December 3, 2021. (Golden Touch Defs.' Resp., ECF No. 7; ABM Defs.' Resp., ECF No. 8.) Plaintiff then filed a response on January 14, 2022, to which the Golden Touch Defendants replied on January 18, 2022, and the ABM Defendants replied on January 26, 2022. (Pl.'s Resp., ECF No. 10; Golden Touch Defs.' Reply, ECF No. 11; ABM Defs.' Reply, ECF No. 12.) On January 20, 2022, Judge DeArcy Hall referred Defendants' responses to the Court's order to show cause to the undersigned Magistrate Judge for a report and recommendation. (Jan. 20, 2022 ECF Order.) The Court heard argument on March 3, 2022. (*See* Mar. 3, 2022 ECF Minute Entry.)

For the reasons set forth below, the Court respectfully recommends that the case be remanded to New York Supreme Court, Queens County.

## DISCUSSION

### I. Legal Standards

As courts of limited jurisdiction, federal courts are obligated to "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

6

party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts have original jurisdiction when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See id.* § 1332. "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Further, 28 U.S.C. § 1447(c) authorizes district courts to remand cases *sua sponte* at any time if the court finds that it lacks subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

When a basis for federal jurisdiction does exist in an action filed in state court, the defendant or defendants may remove the case to "the district court . . . where such action is pending." 28 U.S.C. § 1441(a). If the amount in controversy is not contained in the initial pleading, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Id.* § 1446(c)(2)(B).

Generally, the notice of removal must be filed within thirty days of receiving the initial pleading. *Id.* § 1446(b)(1). However, a defendant may remove a case on the basis of diversity jurisdiction where "the case stated by the initial pleading is not removable," *id.* § 1446(b)(3), if they meet two deadlines:

> First, the defendant must file a notice of removal within thirty days of receiving the first paper "from which it may . . . be ascertained that the case is one which is or has become removable." Second, the defendant must remove the case within one year of the date on which the lawsuit began, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent" removal.

7

*Kozlova v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-6025 (RPK) (RLM), 2021 WL 4398234, at *3 (E.D.N.Y. Sept. 26, 2021) (quoting 28 U.S.C. § 1446(b)(3), (c)(1)); *see also Marin v. Sephora USA, Inc.*, No. 20-CV-3520 (CM), 2020 WL 3999711, at *5 (S.D.N.Y. July 15, 2020).

"'[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Elome v. Sva Trucking LLC*, No. 21-CV-5241 (BMC), 2021 WL 4480456, at *1 (E.D.N.Y. Sept. 30, 2021) (alteration in original) (quoting *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)). However, the one-year deadline for removal is considered "procedural," as opposed to jurisdictional. *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). The removing defendant bears the burden of establishing that removal is proper. *Id.* at 287.

## II. Analysis

The parties' arguments in response to the Court's order to show cause focus on whether Plaintiff's conduct constituted "bad faith" sufficient to warrant an equitable extension of the one-year removal period. (*See generally* Golden Touch Defs.' Resp., ECF No. 7; ABM Defs.' Resp., ECF No. 8; Pl.'s Resp., ECF No. 10; Golden Touch Defs.' Reply, ECF No. 11; ABM Defs.' Reply, ECF No. 12.) At the March 3, 2022 hearing, the Court questioned the parties extensively as to the basis for exercising subject matter jurisdiction under § 1332, and specifically, whether Defendants have sufficiently demonstrated that the amount in controversy in this case exceeds $75,000. Because the Court finds that Defendants have not established "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]," 28 U.S.C. § 1446(c)(2)(B), the Court respectfully recommends that this case be remanded for lack of subject matter jurisdiction.

8

### A. Applicable Law

"To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). As noted above, "[a]ny doubts regarding the propriety of removal are resolved in favor of remand, and federal courts construe the removal statute narrowly." *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quotation marks omitted). "To determine whether the defendant's burden has been met, the district court must first look to the plaintiff's complaint and then to the defendant's petition for removal." *Ford-Smith v. HMS Host Corp.*, No. 19-CV-947 (GTS) (ML), 2020 WL 1242394, at *3 (N.D.N.Y. Mar. 16, 2020) (alterations omitted). Courts in this circuit "generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006); *see also Schumacher v. Sunrise Senior Living Mgmt., Inc.*, No. 19-CV-5744 (JS) (SIL), 2021 WL 84284, at *3 (E.D.N.Y. Jan. 11, 2021); *Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011).

In determining whether the amount in controversy satisfies § 1332(a), "the removing party must prove that it appears to a reasonable probability that the claim is in excess of $75,000." *Feliciano v. Target Corp.*, No. 19-CV-2706 (DLI) (RLM), 2019 WL 2210739, at *1 (E.D.N.Y. May 21, 2019) (alterations and quotation marks omitted) (citing *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)). Moreover, "[i]n this Circuit, a case filed in state court does not become removable 'until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.'" *Henriquez v. NRT Transp. LLC*, No. 19-CV-3320 (ARR) (RLM), 2019 WL 3083161, at *1 (E.D.N.Y. June

9

25, 2019) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010)), *report and recommendation adopted*, No. 19-CV-3320 (ARR) (RLM), 2019 WL 3081188 (E.D.N.Y. July 15, 2019).

### B. Diversity Jurisdiction

As an initial matter, the Court notes, and Plaintiff does not dispute, that there is complete diversity of citizenship among the parties in this action. (*See* Compl., ECF No. 1-1, ¶¶ 1–31; Notice of Removal, ECF No. 1, ¶¶ 8–9.) In addition, Defendants assert that "the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs." (Notice of Removal, ECF No. 1, ¶ 7.) Specifically, Defendants argue that even though "Plaintiff seeks unspecified damages," Plaintiff's counsel failed to respond to Defendants' request to stipulate to a $75,000 cap on damages, and "[t]he amount in controversy therefore exceeds $75,000." (*Id.* ¶¶ 10–11.) As discussed above, Plaintiff's complaint alleges (1) "a serious injury and/or economic loss in excess of basic economic loss as defined by Section 5102 et seq. of the Insurance Law of the State of New York;" (2) damages exceeding "the jurisdictional limits of all lower courts which would otherwise have jurisdiction;" and (3) that Plaintiff "has been and continues to be damaged in an amount to be determined upon the trial of this action." (*See, e.g.*, Compl., ECF No. 1-1, ¶¶ 48, 52–53.)[6]

Here, the Court finds that Plaintiff's allegations in the complaint do not demonstrate that the amount in controversy exceeds the jurisdictional requirement. *See*

---

[6] As mentioned above (*supra* note 1), New York Insurance Law § 5102 defines "basic economic loss" as "up to fifty thousand dollars per person." In addition, the Court notes that Plaintiff's claim that she was damaged in an amount "exceed[ing] the jurisdictional limits of all lower courts which would otherwise have jurisdiction," (*see, e.g.*, Compl., ECF No. 1-1, ¶ 52), refers "to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and [is] not a reference to the federal district courts." *Abuladze v. Batista*, No. 20-CV-3310 (PKC) (CLP), 2020 WL 4369633, at *2 (E.D.N.Y. July 30, 2020).

*De Garcia v. Tropicana Ent. Inc.*, No. 22-CV-12 (AMD) (JRC), 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022); *see also Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (concluding that "economic loss greater than basic economic loss" under the New York Insurance Law "does not, in and of itself, satisfy the required jurisdictional amount"). Further, Plaintiff's refusal to set a cap on damages at $75,000, while potentially probative, "is not determinative of the amount in controversy and is insufficient to establish the jurisdictional amount required by 28 U.S.C. § 1332(a)." *Feliciano*, 2019 WL 2210739, at *1 (citing *Kum v. Walcott*, No. 12-CV-4608 (RRM) (RER), 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012); *Nogeura*, 2011 WL 5117598, at *2). *See also Casas v. Brewer*, 523 F. Supp. 3d 267, 268 (E.D.N.Y. 2021) (same); *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 458–60 (S.D.N.Y. 2008) (concluding that the complaint demonstrated a reasonable probability that plaintiff's claims would exceed $75,000 where plaintiff refused to stipulate to a cap on damages *and* "also effectively conceded the amount in controversy issue" on the record during a hearing).

In this case, Plaintiff contends that Defendants "were fully aware of the extent of the [P]laintiff's injuries, as well as the value of the claim as early as July[] 2019," based on a telephone call to Defendants' former counsel on July 8, 2019. (Pl.'s Resp., ECF No. 10, at 2–3.) Plaintiff's counsel represents that he "specifically told [Defendants' former counsel] that [P]laintiff had suffered injuries involving her bilateral wrists and knees, and that [P]laintiff had already undergone two (2) surgeries involving her left wrist and knee." (*Id.* at 3.) The Golden Touch Defendants suggest this shows that "damages exceeded $75,000." (Golden Touch Defs.' Reply, ECF No. 11, at 2.) However, Plaintiff has not assigned a monetary amount of damages she is claiming for these injuries. In addition, Plaintiff has not responded to Defendants with a verified bill of particulars from which the Court may infer the amount in controversy. As noted earlier, the

11

Golden Touch Defendants filed the notice of removal on October 12, 2021, before the bill of particulars was due under Judge Lancman's September 22, 2021 order. (Sept. 22, 2021 Order, ECF No. 7-16.) *See, e.g.*, *Haddock v. Dollar Tree Stores, Inc.*, No. 21-CV-4115 (JPO), 2021 WL 6066313, at *2 (S.D.N.Y. Nov. 5, 2021) (explaining that "[c]ourts in this district have consistently concluded that removal jurisdiction is proper where a bill of particulars alleges damages in excess of $75,000"); *Ford-Smith*, 2020 WL 1242394, at *4 (collecting cases).

At this stage, although it may be that Plaintiff's damages exceed $75,000, Defendants' representations "do not permit the Court to draw a reasonable inference — as opposed to speculating — that the damages or amount in controversy exceeds $75,000." *O'Neill v. Target Corp.*, No. 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (collecting cases). Without a non-speculative amount in controversy clearly alleged, Defendants lack a jurisdictional basis to remove this case. *See Elome*, 2021 WL 4480456, at *2; 28 U.S.C. § 1446(c)(2). Therefore, Defendants have not established that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

Accordingly, the undersigned respectfully recommends that this case be remanded to New York Supreme Court, Queens County. *See Feliciano*, 2019 WL 2210739, at *1 (noting that the Second Circuit has construed 28 U.S.C. § 1447(c) "as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction" (citing *Mitskovski*, 435 F.3d at 131, 133–34)); *see also Henriquez*, 2019 WL 3083161, at *2.[7]

---

[7] Aside from the concerns about the amount in controversy, the Court also notes the timing of Defendants' removal here. As set forth above, Defendants removed this case after it had been pending in state court for two years and eight months. In order to be granted an equitable exemption from the one-year removal deadline established by 28 U.S.C. § 1446(c)(1), Defendants would be required to establish that Plaintiff "deliberately failed to disclose the

12

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this case be remanded to New York State Supreme Court, Queens County, under Index No. 701641/2019.

Any objections to this report and recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
       March 11, 2022

*[signature: Taryn A. Merkl]*

TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

actual amount in controversy *to prevent removal.*" 28 U.S.C. § 1446(c)(3)(B) (emphasis added). *See, e.g.*, *Elome*, 2021 WL 4480456, at *3; *Kozlova*, 2021 WL 4398234, at *5; *Klimaszewska v. Target Corp.*, No. 21-CV-374 (LDH) (LB), 2021 WL 2877416, at *4 (E.D.N.Y. June 4, 2021), *report and recommendation adopted*, No. 21-CV-374 (LDH) (LB), 2021 WL 2856891 (E.D.N.Y. July 8, 2021); *Marin*, 2020 WL 3999711, at *6; *Martinez v. Yordy*, No. 16-CV-005 (BMC), 2016 WL 8711443, at *3 (E.D.N.Y. Feb. 19, 2016). Specifically, Defendants would need to show that Plaintiff "deliberately failed to disclose the amount in controversy . . . for the purpose of preventing defendants from removing the action within the one-year window." *Elome*, 2021 WL 4480456, at *2; *see also Martinez*, 2016 WL 8711443, at *3 (remanding where Defendants "failed to show that plaintiff acted specifically to prevent removal within the one year window"). However, because the Court concludes Defendants have not established subject matter jurisdiction, and because the Court's order to show cause was issued more than thirty days after Defendants filed their notice of removal, the Court does not reach this issue. *Cf. JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 75 (2d Cir. 2019) (summary order).