UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICKIELIA RAMOS,<br><br>       Plaintiff,<br>   v.<br><br>GOLDEN TOUCH TRANSPORTATION OF NEW YORK INC., GTTI ENTERPRISES, INC., TRANSDEV SERVICES INC., TRANSDEV NORTH AMERICA, INC., ABM AVIATION, INC., ABM INDUSTRIES INCORPORATED, and AIR SERV SECURITY, INC.<br><br>       Defendants. | **MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>21-CV-5676 (LDH) (TAM) |

LaSHANN DeARCY HALL, United States District Judge:

  Mickielia Ramos ("Plaintiff"), commenced this action against Golden Touch Transportation of New York Inc., GTTI Enterprises, Inc., Transdev Services Inc., Transdev North America, Inc., (the "Golden Touch Defendants"), and ABM Aviation, Inc., ABM Industries Incorporated, and Air Serv Security, Inc. (the "ABM Defendants," and with the Golden Touch Defendants, "Defendants") in New York Supreme Court, Queens County, on January 29, 2019. (Not. of Removal, Ex. 1 ("Compl."), ECF No. 1-1.) Plaintiff alleges that on January 29, 2016, the access ramp she was walking on collapsed, causing her to fall and sustain injuries. (*See* Compl. ¶¶ 45–47, 67–69, 89–91, 111–13, 133–35, 155–57, 177–79.) Plaintiff alleges that the collapse resulted from Defendants' negligence. Critically, Plaintiff's complaint does not specify the amount of damages she seeks. And, to date, Plaintiff has failed to provide discovery from which damages can be obtained.

  In the state court action, Defendants filed a verified answer on June 26, 2019 (Verified Answer, ECF No. 7-3), and on June 25, 2019, Defendants served a demand for a verified bill of

particulars and combined demands for discovery, (ECF No. 7-3, at 17-68).  Plaintiff's counsel did not respond.  Instead, Plaintiff's counsel represents in his letter response to the order to show cause that he advised Defendants' counsel on July 8, 2019 that Plaintiff "had suffered injuries involving her bilateral wrists and knees, and that the plaintiff had already undergone two (2) surgeries involving her left wrist and knee."  (Pl's Resp. Order to Show Cause ("Pl's Resp. at 2–3, ECF No. 10.)  Defendants continued to seek discovery concerning the damages Plaintiff sought, to no avail.  On September 22, 2021, the Honorable Mojgan C. Lancman *sua sponte* ordered a schedule under which Plaintiff had 30 days to serve a verified bill of particulars, but on October 12, 2021, Defendants removed the action to federal court.

After Defendants' removal, Magistrate Judge Taryn A. Merkl held a telephonic initial conference at which she ordered Defendants to show cause as to whether the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446.  (*See* Nov. 15, 2021 Minute Entry & Order).  The Golden Touch Defendants responded on December 2, 2021 (Golden Touch Defendants Resp. Order to Show Cause ("Golden Touch Defs.' Resp."), ECF No. 7), the ABM Defendants responded on December 3, 2021 (ABH Defendants Resp. to Order to Show Cause ("ABH Defs.' Resp."), ECF No. 8), Plaintiff filed her opposition on January 14, 2022 (Pl's Opp'n to Order to Show Cause ("Pl's Opp'n"), ECF No. 10), the Golden Touch Defendants replied on January 18, 2022 (Golden Touch Defendants Reply Supp. Order to Show Cause ("Golden Touch Defs.' Reply"), ECF No. 11), and the ABH Defendants replied on January 26, 2022 (ABH Defendants' Reply Supp. Order to Show Cause ("ABH Defs.' Reply"), ECF No. 12.)  This Court referred the responses to Judge Merkl for report and recommendation on January 20, 2022, which Judge Merkl filed on March 11, 2022.  (Report and Recommendation ("R&R"), ECF No. 14.)

Judge Merkl recommended that the action be remanded *sua sponte* to New York Supreme Court, Queens County, for lack of subject matter jurisdiction. (R&R at 8.) Specifically, Judge Merkl found that diversity jurisdiction was lacking because "Plaintiff's allegations in the complaint do not demonstrate that the amount in controversy exceeds the jurisdictional requirement." (*Id.* at 10) Judge Merkl rejected Defendants' arguments that Plaintiff's failure to stipulate to a $75,000 cap on damages and the fact that Plaintiff had undergone two surgeries established the requisite jurisdictional amount. (*Id*. at 11–12.)

The Golden Touch Defendants and the ABM Defendants timely objected. (*See* Golden Touch Defendants' Obj. to R&R ("Golden Touch Defs.' Objs."), ECF No. 15; ABH Defendants' Objs. To R&R ("ABH Defs.' Objs."), ECF No. 16).

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. *Id*. "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Defendants lodge the following objections: (1) Judge Merkl failed to the consider "the record outside the pleadings to determine the amount in controversy," in particular, Plaintiff's counsel's representation that Plaintiff had surgeries performed on her wrist and knee" (Golden

3

Touch Defs.' Objs. at 2; *see also* ABM Defs.' Objs. at 2); (2) Judge Merkl's recommendation is incorrect because there is a reasonable probability that the amount in controversy requirement is satisfied based on Plaintiff's pleadings and her refusal to cap damages at $75,000 (*see* ABM Defs.' Objs. at 2); (3) Judge Merkl failed to rule on Defendant's bad faith arguments (Golden Touch Defs.' Objs. at 3–4); and (4) remand would waste federal and state judicial resources (ABM Defs.' Objs. at 2).[1]

*First*, contrary to Defendants' assertion, Judge Merkl did, in fact, consider "the record outside the pleadings" in her analysis, and correctly found that it was insufficient to demonstrate jurisdiction: "The Golden Touch Defendants suggest [the two surgeries] shows that 'damages exceeded $75,000 . . . . However, Plaintiff has not assigned a monetary amount of damages she is claiming for these injuries." (*See* R&R at 11.) Moreover, Judge Merkl correctly found that Plaintiff "has not assigned a monetary amount of damages she is claiming" (R&R at 11), and in any event, Defendants failed to provide any evidence from which the Court could infer that those surgeries necessarily push damages above the threshold. Without that evidence, Defendants' representation concerning damages is impermissible speculation. *See O'Neill v. Target Corp.*, No. 21-cv-3262, 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (allegation that "serious and permanent injury to fourteen (14) different body parts" and "injuries incapacitated [plaintiff] from employment and required an extensive and ongoing, course of treatment involving nineteen

---

[1] The Golden Touch Defendants object that "several items of the procedural history that were noted in the Order to Show Cause" were not included in the report. (Golden Touch Defs.' Objs. at 2.)  These include (1) "on August 27, 2021, Defendants not only emailed the attorney for the Plaintiff, but even had a phone conversation with him to request discovery or at least medical records to determine the extent of the claimed injuries" (*id*); (2) "on September 14, 2021, Defendants served a Notice to Admit on Plaintiff regarding Plaintiff's prior bankruptcy petition to which it was responded to on October 4, 2021" (*id*); (3) "to date, despite multiple good faith attempts and court orders, the Plaintiff has refused to provide a shred of discovery, including the service of a Bill of Particulars" (*id*); and (4) "the Plaintiff has never offered any reasonable excuse or explanation for the failure to provide any discovery," (*id*). None of these additional facts change the analysis or result, but the Court includes them nonetheless.

(19) medical providers/facilities" insufficient to support "reasonable inference" that amount in controversy exceeded $75,000).[2]

*Second*, Judge Merkl correctly found that neither the complaint's "boilerplate allegation[s]" that the amount in controversy exceeds jurisdictional limits of the state lower civil court nor Plaintiff's refusal to cap damages, support removal. *See Id.* at *2 (citing *Woodley v. Mass. Mut.*, No. 08-cv-949, 2008 WL 2191767, at *2 & n.3 (S.D.N.Y. May 23, 2008) (collecting cases in which such allegations were "found too vague and ambiguous to enable an intelligent assessment of whether the amount-in-controversy requirement . . . has been satisfied")); *Feliciano*, 2019 WL 2210739, at *2 ("[p]laintiff's alleged failure to respond to the Notice to Admit and failure to agree to cap damages" insufficient to support "reasonable probability" that the amount in controversy requirement is satisfied). Nonetheless, Defendants argue that Plaintiff's apparent refusal to cap damages, combined with her allegations that the damages exceed the Queens Civil Court jurisdictional limit and was above the basic economic loss threshold set forth in New York Insurance Law § 5102, creates a "reasonable probability that Plaintiff's claim exceeds $75,000." (ABM Objs. at 2.) This argument proves too much. Plaintiff's allegation that her claims exceed the $25,000 jurisdictional limit of the Queens County Civil Court and the $50,000 basic economic loss threshold says nothing about whether her damages exceed $75,000. Moreover, that Plaintiff failed to cap damages at $75,000 does not mean that the amount in controversy will necessarily reach or exceed that amount. At most, this

---

[2] Defendants' reliance on *Asto v. Better*, No. 07-cv-4787, 2007 WL 9819186 (S.D.N.Y. Oct. 2, 2007) while understandable, is misplaced. The court there determined that allegations that plaintiff "suffered serious, severe, and permanent personal injuries" that included a "fractured right tibia and fibula" were sufficient to establish the amount in controversy. Id. at *1. The court in *Asto* relied exclusively upon *Burr ex rel. Burr v. Toyota Motor Credit Co.*, which involved a complaint that "invoke[d] a New York law that encompasses death, dismemberment, and total or near-total disability enduring longer than three months" and involved a teenage victim. *See* 478 F. Supp. 2d 432, 439 (S.D.N.Y. 2006). The complaint here, by contrast, does not include such severe allegations, and the Court will not disregard the more recent precedent identified by Judge Merkl in her well-reasoned analysis based on a single case with only a cursory analysis.

5

fact shows that Plaintiff does not know that the amount in controversy is less than $75,000, which does not support jurisdiction. In other words, Plaintiff's refusal to stipulate to damages does not create the reasonable inference that the jurisdictional amount is met. Indeed, it is just as reasonably probable that it is not. Neither of Defendants' facts, taken together or separately, establish that the jurisdictional threshold is met.

*Third*, Judge Merkl had no reason to reach the question of Plaintiff's alleged bad faith because Defendants failed to meet their initial burden to establish that removal was proper. (R&R at 12 n.7 (noting the court does not reach the issue of bad faith).) The bad faith inquiry is necessary only when a defendant obtained the necessary evidence to support diversity jurisdiction after the one-year removal deadline established by 28 U.S.C. § 1446(c)(1). Because Defendants failed to establish subject matter jurisdiction, the Court declines to address their argument concerning bad faith. Even if the Court were to consider their arguments, "Defendants would be required to establish that Plaintiff 'deliberately failed to disclose the amount in controversy . . . for the purpose of preventing defendants from removing the action within the one-year window." (R&R at 12 n.7 (quoting *Elome v. Sva Trucking LLC,* No. 21-cv-5241, 2021 WL 4480456, at * 3 (E.D.N.Y. Sept. 30, 2021)). They have not done so.

*Fourth*, Defendants bemoan wasted resources in the state and federal courts that will result from remand but ignore that any wasted resources would be the result of their premature removal. Defendants provide no legal support for the argument that removal is proper based on their speculation that the "action will more than likely be removed again at a later time once the amount in controversy is finally determined through discovery in the state court action." (ABH Defendants' Resp. at 3.) And, in any event, this is a problem that Defendants created by removing the action before they received "a paper that explicitly specifies the amount of

6

monetary damages sought[,]" which is typically when a case filed in New York state court becomes removable in this Circuit.  *Henriquez v. NRT Transp. LLC*, No. 19-cv-3320, 2019 WL 3083161, at *1 (E.D.N.Y. June 25, 2019) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010)), *report and recommendation adopted*, 2019 WL 3081188 (E.D.N.Y. July 15, 2019).

*      *      *

Defendants have failed to meet their burden to establish the amount in controversy exceeds $75,000.  Accordingly, the Court agrees with Judge Merkl's determination that this Court lacks subject matter jurisdiction in this matter.  As a result, the Court remands the matter to Supreme Court, Queens County for further proceedings.

## CONCLUSION

For the foregoing reasons, Judge Merkl's R&R is ADOPTED in its entirety as the opinion of this Court.  The matter is REMANDED to New York Supreme Court, Kings County.

SO ORDERED.

Dated: Brooklyn, New York  
      September 29, 2022

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge